UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-157 |
| ) | (Phillips / Shirley) |
| AJAKIBIANI EARTH MCBAYNE, ) | |
| JOSEPH DEJON MANNING, ) | |
| AMANDA CRYSTAL STIGALL, and ) | |
| TITUS L. STIGALL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 12, 2008, upon Defendant Titus Stigall's Motion to Continue Trial [Doc. 36]. Attorney Kim Tollison appeared with Titus Stigall. Attorney Ursula Bailey was present on behalf of Amanda Stigall, who was not present. Attorney Steven Shope was present with defendant Joseph Manning. Attorney Kelly Johnson and his client, Ajakibiani McBayne, were previously excused from the hearing. Assistant United States Attorney Matthew Morris was present on behalf of the government. The government did not oppose the request for continuance.

At the hearing, Attorney Tollison stated that he understands from consultation with AUSA Morris that the government had subpoenaed certain records from the Walmart computerized cash register system. Attorney Tollison stated his belief that these records are important to issues that

1

may arise during the trial of this case, which involves an alleged conspiracy to pass counterfeit currency at a particular Walmart computerized cash register operated by one of the defendants. Attorney Tollison stated that he believes that a continuance is both necessary and is in Mr. Stigall's best interest. Attorney Tollison stated that he has discussed this matter with his client and Mr. Stigall agrees that a continuance is necessary and in his best interest. Mr. Stigall confirmed his understanding that he will remain in jail pending a new trial date.

AUSA Morris agreed with Attorney Tollison's description of the cash register records. AUSA Morris informed the Court that the government has met with some difficulty obtaining the needed records from Walmart, but is hopeful that the subpoena will produce more results. Given the potential importance of these records, AUSA Morris agreed with the need to continue the trial date. AUSA Morris stated that he will make every effort to secure the Walmart records as soon as possible and, in turn, make this material available to defense counsel.

Attorney Bailey stated that she has discussed the proposed trial continuance with Ms Stigall and that the defendant is in agreement with the request. Attorney Bailey stated that she believes a trial continuance is in Ms Stigall's best interest and that her client agrees with this conclusion. Attorney Bailey stated that Ms Stigall, who has been released pending trial, understands that she will continue to be subject to the same conditions of release pending the new trial date. Attorney Bailey stated that she had filed a number of pretrial motions on behalf of Ms Stigall, which were later withdrawn. See [Doc. 29]. Attorney Bailey asked for leave to file additional motions, or re-file the previous motions, if the newly released discovery material indicated this would be appropriate. Attorney Tollison and Attorney Shope joined in the oral motion to extend the deadline for pre-trial motions as to the new discovery material.

Attorney Shope stated that Mr. Manning joins in the motion to continue the trial date. Attorney Shope stated that he believes it would be in Mr. Manning's best interest to continue the trial date. Attorney Shope reported that he has discussed these matters with Mr. Manning and that Mr. Manning understands he will remain in custody pending the new trial date. Mr. Manning confirmed his agreement with his counsel's statements.

In addition to the issue of discovery, the parties have identified a potential confrontation clause issue in proceeding with a joint trial of these defendants based on certain incriminating statements the United States may seek to introduce at trial, specifically citing <u>Bruton v. United States</u>, 391 U.S. 123 (1968). The parties asked for additional time to review this issue and to file any necessary pretrial motions relating to joinder and severance.

Attorney Tollison, Attorney Bailey and Attorney Shope asked the Court for an extension of the motion cut-off deadline in order to allow a reasonable time for counsel and the defendants to review the Walmart records and assess the need for pre-trial motions arising therefrom, and also as to severance. The parties expressed their initial impression that at least one pre-trial motion would be appropriate in light of the possibly interlocking confessions.

It was evident from the representations of the parties that there remains a need to resolve important issues presented by this late discovery material and <u>Bruton</u> issues. The Court finds that the ends of justice served by pretrial resolution of these matters outweighs the interest of the defendants and the public in a speedy trial. <u>See</u> 18 U.S.C. § 3161(h)(8)(A). All parties agreed that all the time between the date of the hearing, February 12, 2008, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act. Given the approaching February

19, 2007, trial date, the Court found that the failure to grant a continuance would deprive the defendants of the time to review discovery material, conduct any follow-up factual investigation, identify and pursue any appropriate pre-trial motions. See 18 U.S.C. § 3161(h)(1)(F). Should any pre-trial motions be filed, the Court will need time to review the issues, conduct a hearing if necessary and issue an Order or a Report and Recommendation to the District Court on the motions. See 18 U.S.C. § 3161(h)(1)(J). Following this, the parties will need time to file any objections to the Court's ruling. Should objections be made, the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the issues, whether objections are made or not. At the hearing, the Court found that all of this could not take place before the February 19, 2008, trial date or in less than three months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, it is ORDERED:

> 1. The Motion to Continue Trial **[Doc. 36]** is **GRANTED**.
>
> 2. The trial of this matter is reset to **May 19, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.
>
> 3. Pretrial motions on the issue of severance or that may arise as the result of the newly disclosed Walmart records shall be filed on or before **March 12, 2008.**
>
> 4. The deadline for responses to any motions will be **March 26, 2008.**
>
> 5. This Court will conduct a hearing on these pretrial motions **March 31, 2008, at 1:00 p.m.**

The Court also finds, and the parties agree, that all the time between the February 12, 2008, hearing and the new trial date of May 19, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge