UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-157 |
| | ) | (Phillips / Shirley) |
| AJAKIBIANI EARTH MCBAYNE, | ) | |
| JOSEPH DEJON MANNING, | ) | |
| AMANDA CRYSTAL STIGALL, and | ) | |
| TITUS L. STIGALL | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 31, 2008, for an evidentiary hearing on a number of pending pretrial motions. Attorney Kim Tollison appeared with Titus Stigall. Attorney Ursula Bailey was present on behalf of Amanda Stigall, who was previously excused form the hearing. Attorney Steven Shope was present with defendant Joseph Manning. Attorney Kelly Johnson and his client, Ajakibiani McBayne, were previously excused from the hearing. Assistant United States Attorney Matthew Morris was present on behalf of the government.

In this case, the four defendants have been charged in a counterfeiting conspiracy. Ms McBayne has entered a plea of guilty before the District Court. Ms Stigall has timely filed six pretrial motions. At the hearing, Attorney Bailey stated that she would rely on the arguments set forth in her written submission. The United States elected to do the same. Accordingly, the Court took Ms Stigall's motions under advisement on April 1, 2008.

## 1. SPECIFIC BRADY REQUEST NO. 1 FOR NOTES OF AGENT WALLACE
### AND / OR
### MOTION FOR GOVERNMENT'S AGENTS, OFFICERS AND ATTORNEYS TO RETAIN ROUGH NOTES [DOC. 48]

*A.     Defendant*

Ms Stigall requests two forms of relief in this motion: First, citing Rule 16 and Brady, Ms Stigall requests any notes or summations police made of conversations with her. Although the title refers to "Agent Wallace," no further information about this agent or what material he may possess. Second, Ms Stigall asks for an order compelling law enforcement agents and United States Attorneys to retain their rough notes. Ms Stigall's motion sets forth in more detail the "rough notes" requested and may include a broader array of material that contemplated by "rough notes" ordered in the Order on Discovery and Scheduling. Ms Stigall expressly recognizes this fact and asks that the Court expand its Order to include the body of material she has listed at [Doc. 48, pg. 1, ¶2.]

*B.     Government*

The government responds first that it is aware of its continuing obligations under Rule 16 and Brady, and will comply with directives set forth in Order on Discovery and Scheduling [Doc. 7 at ¶E]. Second, that the Court has already ordered agents to retain rough notes in its Order on Discovery and Scheduling [Doc. 7 at ¶H]. Third, the United States confirms that it will disclose Jencks material in accordance with the Order on Discovery and Scheduling [Doc. 7 at ¶O].

*C.     Ruling*

The Court finds that it has previously ordered the majority of the disclosures sought by Ms Stigall's motion and that there is no authority cited for disclosures beyond those provided in the Oder on Discovery and Scheduling, [Doc. 7]. Accordingly, Ms Stigall's Specific Brady Request **[Doc. 48]** is **DENIED**.

## 2. MOTION FOR NOTICE BY THE GOVERNMENT PURSUANT TO RULE 12(B)(4)(B) OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION [DOC. 49]

*A.      Defendant*

Ms Stigall moves the Court to order the government to disclose material arguably subject to Federal Rules of Criminal Procedure, Rule 16 and Rule 12(b)(4)(B). [Doc. 49]. Federal Rule of Criminal Procedure 12(b)(4)(B) provides:

> At the Defendant's Request. At the arraignment of as soon afterward as is practicable, the defendant may, in order to have an opportunity to move to suppress evidence under subdivision Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

> Fed. R. Crim. Proc 12.

Ms Stigall also asks that evidence subject to Rule 12(b)(4)(B) be distinguished from other material produced pursuant to Rule 16. Ms Stigall states that it is not the intent and purpose of the Rule 12 requirement that the government merely reply that the Rule 12 material is contained somewhere within the body of Rule 16 disclosures. Ms Stigall argues that specification is required in order for defense counsel to prepare effectively and to conserve judicial time and resources. No authority outside Rule 12(b)(4)(B) is cited.

*B.      Government*

The government responds that Rule 12(b)(4)(B) does not provide an avenue for greater disclosures than already provided by the USA per Rule 16. The discovery materials are under 50 pages in length and include the defendants' statements, most of these being copies of the alleged counterfeit currency. The government adds that it intends to use the laptop at trial and some logs

from the Walmart cash register to show the details of the transactions involved.

   *C.   Analysis*

Ms Stigall asks that this Court order the government to designate evidence it intends to use in its case-in-chief at trial and also to extend the time for filing of motions to suppress to account for this newly-disclosed material. Ms Stigall relies upon Rule 12(b)(4)(B) Pleadings and Pretrial Motions, which provides in relevant part:

> (B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) *any evidence that the defendant may be entitled to discover under Rule 16*.

Fed. R. Crim. P. 12 [emphasis added].

The Court observes that the deadline for Rule 16 discovery has long since passed. Because, in the context of evidence that may precipitate a motion to suppress evidence, Rule 12(b)(4)(B) provides for earlier disclosure of "any evidence that the defendant may be entitled to discover under Rule 16," Ms Stigall's request was moot when filed. Accordingly, Motion for Notice by the Government Pursuant to Rule 12(b)(4)(B) of its Intention to Use Evidence Arguably Subject to Suppression **[Doc. 49]** is **DENIED**.

### 3.  MOTION FOR ON THE RECORD FINDINGS PURSUANT TO RULES 403 AND 404 [DOC. 50]

and

### 4.  MOTION FOR 30-DAY PRETRIAL NOTICE OF GOVERNMENT'S INTENTION TO USE 404(B)-TYPE EVIDENCE [DOC. 51]

The motion filed at [Doc. 50] simply asks for a jury-out, on the record hearing as to the admissibility of any proposed Rule 404(b) material before the United States attempts to introduce

it at trial, citing Rule 403 in support of the anticipated balancing testing at such hearing.

In a companion motion, filed at [Doc. 51], Ms Stigall also requests that the Court modify its Order on Discovery and Scheduling to define "reasonable notice" for Rule 404(b) disclosures in this case to 30 days instead of the standard 7 days before trial. Ms Stigall argues that such a change would reduce surprise at trial and promote the early resolution of issues of admissibility favored by the Committee Notes to the rule. The United States responds, at [Doc. 56], that the current 7 day notice is adequate to accomplish the purpose of Rule 404(b), which is to put the defendant on notice of evidence she may wish to challenge at trial. The government states that it is not presently aware of any Rule 404(B) material it may attempt to introduce at trial against Ms Stigall, but if any arises it is prepared to comply with the 7 day disclosure rule.

Federal Rules of Evidence, Rule 404(b), with certain exceptions, prohibits the admission of evidence of other crimes or wrongs "to prove the character of a person in order to show action in conformity therewith." In 1991, the Rule was amended to provide that if evidence is admissible for other reasons, such as proof of motive, opportunity, intent, preparation, plan, identity, etc., "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b). The Advisory Committee explained that the amendment was "intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence." Advisory Committee's note (1991 amendment).

In 1995, the Sixth Circuit provided a thorough analysis of the then-new Rule 404(b)

amendment in United States v. Barnes, 49 F.3d 1144 (6th Cir. 1995). That court observed:

> Although it does not call for any specific form of notice, "[t]he Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion." The court has the discretion to determine reasonableness under the circumstances, but the Committee note cautioned that "[b]ecause the notice requirement serves as [a] condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met."
> Barnes, 49 F.3d at 1147 (quoting the Advisory Committee's Note to Rule 404(b), 1991 Amendments).

Although notice is required, considerations of trial preparation are misplaced in the Rule 404(b) context. The Sixth Circuit has held that "in most criminal prosecutions, the Brady Rule, Rule 16, and the Jencks Act exhaust the universe of discovery to which defendant is entitled." United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). In the absence of circumstances warranting earlier disclosure, the Court has established as reasonable a deadline of seven days prior to trial for 404(b) material. Ms Stigall has not set forth any argument in support of earlier disclosure other than her preference for earlier preparation. In the absence of such a showing, the Court finds no reason to alter the deadline for disclosure in this case.

As to the Ms Stigall's second form of relief, the Court finds it is premature to establish a method for the District Court to consider admissibility of any Rule 404(b) evidence. In the Sixth Circuit, "when the defense *objects* to the admissibility of evidence of other wrongs, crimes or acts the trial court should conduct a balancing determination on the record before admitting the evidence." United States v. Acosta-Cavares, 878 F.2d 945, 950 (6th Cir. 1989). The present case is set for trial before District Court Judge Thomas W. Phillips and thus, any on the record findings made pursuant to Rules 403 and 404 will constitute a matter to be taken up at trial and in the context of the evidence admitted. After receiving notice from the government that it intends to introduce

Rule 404(b) evidence, the defendant may elect to register a specific objection as a motion in limine.

For these reasons, the Motion for on the Record Findings Pursuant to Rules 403 and 404 **[Doc. 50]** and the Motion for 30-Day Pretrial Notice of Government's Intention to Use 404(b)-Type Evidence **[Doc. 51]** are **DENIED**.

### 5. MOTION FOR PRETRIAL NOTICE OF FRE RULE 608 EVIDENCE OF CHARACTER OR CONDUCT THE GOVERNMENT INTENDS TO OFFER OR FRE 609 IMPEACHMENT EVIDENCE
### [DOC. 52]

Ms Stigall's request is very brief, the body of the Motion essentially restating its caption. The prosecution argues that the rule cited by Ms Stigall, Rule 12(b)(4), does not authorize the types of disclosures she requests. More substantively, the government states that Ms Stigall has no criminal history and the government does not know of any character witnesses to call as to Ms Stigall's veracity if she testifies. The government does say they might decide to offer testimony from such a person in rebuttal if the prosecution becomes aware of a witness to that effect. Also, the government argues that Ms Stigall committed a prior bad act by initially lying to the agents about her role in the scheme, though she later confessed. The government gives notice that it would use those statements to impeach Ms Stigall if she testifies inconsistently.

Federal Rules of Evidence Rule 608[1] permits a party to challenge the credibility of a witness

---

[1] "[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a). The rule does not permit the parties to introduce extrinsic evidence, other than a criminal conviction pursuant to Rule 609, to prove specific instances of conduct for truthfulness. Fed. R. Evid. 608(b). A court has discretion to permit cross-examination of a witness about specific instances of conduct probative of truthfulness or untruthfulness if the questioning relates to the witness's character for truthfulness or untruthfulness or to the truthful or untruthful character of another witness about whom the testifying witness has testified. Fed. R. Evid. 608(b).

by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609 outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b).

Furthermore, the Court questions the practical applicability of requiring pretrial notice of evidence under these rules, especially Rule 609, as they deal with impeachment evidence. The Court recognizes that the "credibility of a witness may be attacked by any party, including the party calling the witness." Fed. R. Evid. 607.

The Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be a better position to determine whether a pretrial, jury-out hearing is in order and the admissibility of this evidence in relation to the other evidence introduced at trial. Accordingly, to the extent Ms Stigall requests pretrial disclosure of Rule 608 evidence of character or conduct and Rule 609 impeachment evidence disclosure, **[Doc. 52]** is **DENIED,** with the issue of the need for a pretrial, jury-out hearing being subject to renewal with the District Court at trial.

### 6. MOTION FOR PRETRIAL HEARING TO DETERMINE THE ADMISSIBILITY OF EVIDENCE THE GOVERNMENT INTENDS TO INTRODUCE UNDER FED. R. EVID. 702, 703, AND/OR 705 [DOC. 53]

*A.     Defendant*

Ms Stigall asks for disclosure and a pretrial Daubert hearing on the government's proposed expert. Ms Stigall states that the government has notified her in a general manner that it intends to introduce expert testimony at trial. However, the government has not provided the expert's name,

8

an expert report or summary of the expert's anticipated testimony. Ms Stigall cites Federal Rules of Criminal Procedure, Rule 16(a)(1)(G) in support of such disclosures. Ms Stigall argues that in order for the Court to conduct perform gate-keeping function in determining the admissibility of any expert or scientific proof, as required by with Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the government must first disclose the nature of the proof it intends to offer. Ms Stigall argues that the government bears the burden of establishing the admissibility of any expert testimony by a preponderance of the evidence, citing Bourjaily v. United States, 483 U.S. 171 (1987).

  *B.  Government*

  The government argues that it has provided an expert disclosure on February 12, 2008, that Secret Service Agent Roland McAmis will testify that the bills are not authentic currency. The response describes the type of testimony anticipated from the expert as to security features on money. The government adds that the counterfeit currency in this case was pretty simplistic and the anticipated testimony needed to establish the bills are counterfeit is not extensive (for example, they all had the same serial number). The government says that it has complied with the disclosure requirements and the experts' anticipated conclusion is not really at issue and does not merit a Daubert hearing.

  *C.  Analysis*

  The Court finds the government's response complies with the expert disclosure requirement of Federal Rules of Criminal Procedure, Rule 16(a)(1)(G). The Order on Discovery and Scheduling provided for such disclosure to be made no later than three weeks prior to trial, and the government has made disclosure on February 12, 2008, or at least in the instant response. Ms Stigall's trial is

9

set for October 6, 2008. Given that the requested disclosure has been timely made, and no specific objection to the expert has been lodged, Motion for Pretrial Hearing to Determine the Admissibility of Evidence the Government Intends to Introduce Under Fed. R. Evid. 702, 703, and/or 705 **[Doc. 53]** is **DENIED**.

### 7. CONCLUSION

It is ORDERED:

1. Specific Brady Request **[Doc. 48]** is **DENIED**.

2. Motion for Notice by the Government Pursuant to Rule 12(b)(4)(B) of its Intention to Use Evidence Arguably Subject to Suppression **[Doc. 49]** is **DENIED**.

3. Motion for on the Record Findings Pursuant to Rules 403 and 404 **[Doc. 50]** is **DENIED**.

4. Motion for 30-Day Pretrial Notice of Government's Intention to Use 404(b)-Type Evidence **[Doc. 51]** is **DENIED**.

5. Motion for Pretrial Notice of FRE Rule 608 Evidence of Character or Conduct the Government Intends to Offer or FRE 609 Impeachment Evidence **[Doc. 52]** is **DENIED**.

6. Motion for Pretrial Hearing to Determine the Admissibility of Evidence the Government Intends to Introduce Under Fed. R. Evid. 702, 703, and/or 705 **[Doc. 53]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge